UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAJENDRA PATEL, VINA PATEL, | § | |
| NEERAV PATEL and RAJENDRA PATEL, | § | |
| M.D., P.C., | § | |
| | § | |
| Plaintiffs, | § | NO. 3:15-cv-00754-M |
| | § | |
| v. | § | |
| | § | |
| SEA NINE ASSOCIATES, INC., KENNETH | § | |
| ELLIOT, GAURANG PARIKH, PRUCO | § | |
| INSURANCE COMPANY and COMERICA | § | |
| BANK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiffs' Motion to Remand [Dkt. No. 14]. For the reasons stated below, the Motion is **GRANTED**.

## I.    FACTUAL BACKGROUND

Plaintiffs brought suit against Defendants, claiming that they were induced into investing in employee benefit plans by fraudulent misrepresentations as to the tax-exempt status of those plans. Plaintiffs are Rajendra and Vina Patel, their son, Neerav Patel, and Rajendra Patel, MD., PC. Doc. 1-3, Orig. Pet. Ex. C ¶¶ 4.01–4.02. Defendants are Comerica Bank, Pruco Life Insurance Company, Sea Nine Associates, Inc., Kenneth Elliot, and Gaurang Parikh. *Id.* ¶¶ 4.03–4.07. Elliot and Parikh are alleged to have been, respectively, a representative of Sea Nine and a representative of Pruco, and to have helped market employee benefit programs that were approved, and to be overseen, by Dallas-based Comerica. *Id.* ¶¶ 7.01–7.02.

1

Plaintiffs allege that Defendants and their representatives presented Plaintiffs with information regarding a "419A Plan," a type of employee benefit program that purported to comply with Internal Revenue Code Section 419A(f)(6). *Id.* ¶ 7.01. Compliance with section 419(f)(6) would have meant that Plaintiffs would be exempt from limitations placed by the Internal Revenue Service on deductions taken from employer contributions to a welfare benefit plan. *Id.* ¶ 7.05. It was allegedly represented by Pruco representatives, including Parikh, that that these plans were thoroughly vetted by Pruco and Comerica for their compliance with applicable IRS regulations. *Id.* ¶ 7.01. By leveraging the brand recognition of Pruco and Comerica, and giving numerous assurances that the plan at issue was safe, conservative, widely used, and compliant with all applicable laws, including the Internal Revenue Code, Defendants and their representatives allegedly induced Plaintiffs into investing in the marketed plan. *Id.* ¶ 7.02. Defendants also allegedly represented that the 419A Plan was not a transaction that would result in the IRS requiring the filing of a Form 8886, and Plaintiffs assert that this is the reason that they did not file the Form 8886. *Id.* ¶ 7.15.

Over the course of three years, Plaintiffs invested approximately $1,280,000 in the plan marketed to them by Defendants, and took the income tax deductions they had been told by Defendants they were entitled to under the plan. *Id.* ¶ 7.14. The IRS audited Plaintiffs in 2013, "which resulted in the imposition of back taxes, substantial penalties and ever-accruing interest." *Id.* ¶ 7.16. The IRS also concluded that the plan was a "prohibited individual investment account," *Id.* ¶ 7.17, because it presented "all the classic symptoms of a 419A 'listed transaction.'" *Id.* ¶ 7.18. The IRS has imposed on Plaintiffs penalties and interest associated with their failure to file Form 8886 when investing in a listed transaction. *Id.*

Plaintiffs brought this suit in state court to recover for damages they claim to have

incurred as the direct and proximate result of Defendants' actions.  *Id.* ¶ 7.20.  Defendants

subsequently removed the case to this Court, arguing that Plaintiffs' state law claims are

preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1001-1461.

## II.    LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

However, "if at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The removing party bears

"the burden of overcoming an initial presumption against jurisdiction and establishing that

removal is proper."  *Carnes v. Data Return, LLC*, 2009 WL 111577, at *2 (N.D. Tex. Jan. 15,

2009) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 128 F.3d 912, 916 (5th Cir. 2001)).

Removal statues are to be strictly construed in favor of remand and against removal.  *Eastus v.*

*Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

A federal court has subject matter jurisdiction over cases "arising under the Constitution,

laws, or treaties of the United States[,]" or in cases where the matter in controversy exceeds

$75,000, exclusive of interest and costs, and involves complete diversity of citizenship.  28

U.S.C. §§ 1331, 1332.  Under the longstanding well-pleaded complaint rule, cases "arise under"

federal law only when a federal question is "presented on the face of the plaintiff's properly

pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation

marks omitted).  The well-pleaded complaint rule makes the plaintiff the master of the claim and

allows him to avoid federal question jurisdiction by relying in his petition exclusively on state law. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

There are some exceptions to the well-pleaded complaint rule, including the complete preemption doctrine. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Under the complete preemption doctrine, even a suit "that purports to bring only state law claims is necessarily federal in character" if it is preempted by a federal law. *Id.* at 67 (internal punctuation omitted) (holding that the "complete preemption exception" to the "well-pleaded complaint rule" applies to claims arising under ERISA).

ERISA's regulation of employee benefit plans includes "six carefully integrated civil enforcement provisions found in § 502(a)." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). (internal punctuation and citation omitted). Section 502(a) provides in relevant part that:

> (a) A civil action may be brought –
> (1) by a participant . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title; [or]
> (3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this [title] or terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce provisions of this [title] or the terms of the plan.

29 U.S.C. § 1132(a). Any state law "cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is subject to complete preemption. *Aetna Health, Inc. v. Davila*, 542 U.S. at 209.

Section 502(a), however, "does not purport to reach every question relating to plans governed by ERISA." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 25 (1983). Some claims brought under state law do not sufficiently impact ERISA-governed

plans for the claims to be preempted.  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, at 100 n. 21.

The Fifth Circuit requires a defendant arguing that a claim is preempted by ERISA to prove (1)

that "the claim addresses an area of exclusive federal concern, such as the right to receive

benefits under the terms of the Plan" and (2) that "the claim directly affects the relationship

among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants

and beneficiaries."  *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 800 (5th Cir. 2008)

(internal quotation marks omitted).

## III.    ANALYSIS

To determine whether Plaintiffs' claims are preempted by ERISA, the Court examines

Plaintiffs' Petition in light of the Fifth Circuit's two-part test for determining whether a state law

claim is preempted by ERISA, turning its attention first to whether the "claim addresses an area

of exclusive federal concern."  *E.I. DuPont de Nemours & Co.,* 517 F.3d at 800.  The Petition

alleges the following causes of action against all Defendants: common law fraud, negligence,

negligent misrepresentation, unjust enrichment, and violations of the Texas Insurance Code and

Deceptive Trade Practices Act.  Doc. 1-3, Orig. Pet. Ex. C ¶ 8.01-8.24.

Plaintiffs assert that they do not make any claims related to the administration of the plan,

and that all of their claims relate to pre-investment misrepresentations and omissions unrelated to

the administration of the plan.  Doc. 1-3, Orig. Pet. Ex. C ¶ 5.02.  Consequently, Plaintiffs argue,

ERISA does not apply to this lawsuit, and Plaintiffs are not making a claim or asserting a cause

of action that arises under federal law.  *Id.*  Plaintiffs also argue that the issue before the Court is

one that has been resolved in similar cases numerous times, including in a strikingly similar

action involving the same purported plan, the same defendants, and the same attorneys, that was

remanded by this Court's colleague, Judge Jane Boyle.  Doc. 14 Pls.' Br. 2; *Patel v. Sea Nine*

*Associates, Inc.*, No. 3:13-CV-4491-B, 2014 WL 1976882, at *1 (N.D. Tex. May 15, 2014).

Defendants argue that this action differs from the case before Judge Boyle in several important respects. First, they claim it includes a negligence cause of action based on Comerica's role as a trustee of the employee welfare benefit plan. Doc. 26, Def.'s Resp. 6. Second, they assert that the Petition includes references to Comerica's performance, alleged failure to perform, and delegation of its duties as trustee. *Id*. Finally, Defendants claim that because the Plaintiffs remain participants in the employee welfare benefit plan, and now seek to rescind the contract by which they joined the plan, this case is unlike the case before Judge Boyle. *Id*. at 7.

Plaintiffs' claims are based on various misrepresentations and omissions that Defendants allegedly made to induce Plaintiffs into investing in the Plan. Like the claims in the case before Judge Boyle, the conduct that Plaintiffs' claims are based on "occurred prior to the Plan's formation and does not implicate the administration, interpretation, or recovery of benefits of the Plan or relate to a violation of the Plan's terms." *Patel v. Sea Nine Associates, Inc.*, No. 3:13-CV-4491-B, 2014 WL 1976882, at *6 (N.D. Tex. May 15, 2014) (citing *Westfall v. Bevan*, No. 3:08-CV-0996-D, 2009 WL 111577, at *5 (N.D. Tex. Jan. 15, 2009) ("[Plaintiffs'] claims do not depend on, or even implicate, the [ERISA-governed] Plan's terms or its status as an ERISA plan. The claims would exist with respect to any type of an investment—not just an ERISA plan— because they rest on independent statutory and common-law duties that proscribe misrepresentation in various forms. Therefore, they are not preempted under [ERISA].")). Thus, because the claims do not "duplicat[e], supplemen[t], or supplan[t] the ERISA civil enforcement remed[ies]," they do not address an area of exclusively federal concern. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)

The Court additionally finds that Plaintiffs' claims against Comerica are not based on the relationship among traditional ERISA entities.  It is true that Plaintiffs' Petition makes reference to Comerica's role as a trustee, Doc. 1-3, Orig. Pet. Ex. C ¶ ¶ 3.03, 7.03, 7.14, 8.08.  However, those references to Comerica's role as a trustee are limited to Plaintiffs' venue allegations and statement of the factual background of the case.  *Id.*  The Petition also states clearly that "[a]ll of Plaintiffs' claims relate to pre-investment misrepresentations and omissions unrelated to the administration of the [419A] Plan."  *Id.* ¶ 5.02.  Defendants nonetheless argue that the negligence cause of action at ¶ 8.08 of Plaintiffs' Petition is "directly tethered to Comerica's role as trustee [of the 419A Plan]…and thus invokes and relies upon a relationship – and its attendant duty of care – that does not and cannot exist outside the context of the [419A Plan]."  Doc. 26, Def.'s Resp. 9.  The Court finds that the duty Plaintiffs claim Comerica owed them, to "act in a manner conforming to the professional standards of care applicable to prudent insurance companies, trustees, investment advisors, or insurance advisors," read in light of ¶ 5.02 of Plaintiffs' Petition, relates to conduct that occurred before the marketed plan was entered into by Plaintiffs. The claims against Comerica, therefore, are not based on a relationship between traditional ERISA entities.

Accordingly, Defendants do not make the necessary showings to establish complete preemption under the Fifth Circuit test.

IV.    CONCLUSION

For these reasons, the Plaintiffs' Motion to Remand is **GRANTED**, and this case is

**REMANDED** to the 298th Judicial District Court of Dallas County.

**SO ORDERED.**

August 3, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS